IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-18-0470** |
| **SEANN JONES,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Seann Jones's Motion to Vacate Judgment. (ECF Nos. 39, 48.) The Court will deny the Motion.

### I. Factual and Procedural Background

After pleading guilty to two counts—Count 1 (possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1)) and Count 2 (possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g))—Jones was sentenced to a term of 133 months as to Count 1 and 120 months as to Count 2 to run concurrent for a total term of 133 months. (ECF Nos. 23, 33.)

On June 10, 2020, the Federal Public Defender's Office (the "FPD") filed a Motion to Vacate Judgment pursuant to § 2255 on behalf of Jones, arguing that his 922(g) guilty plea must be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*See* ECF No. 39.) Subsequently, the Supreme Court clarified that a defendant has the burden of demonstrating actual prejudice to obtain habeas relief under *Rehaif*. *See United States v. Greer*, 141 S. Ct. 2090, 2100 (2021). Following the Supreme Court's clarifying decision, the FPD contacted Jones to discuss voluntarily withdrawing his Motion. (*See* ECF No. 46 at 2.) The FPD represented that Jones

1

"ha[d] not advised the Federal Public Defender whether he wishes to withdraw his § 2255 petition." (*Id.*) Jones thereafter supplemented his § 2255 Motion and raised two additional grounds for vacating his sentence, as described in more detail below. (ECF No. 48.)

## II. Analysis

First, Jones's *Rehaif* argument fails. Following *Greer*, a petitioner must show that a *Rehaif* error "affected [his or her] 'substantial rights'" to be eligible for habeas relief. *Greer*, 141 S. Ct. at 2097. In *Greer*, the Supreme Court observed that in a felon-in-possession case "the defendant faces an uphill climb" in making this showing and that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.* at 2097. Given that Jones has not provided evidence tending to show that he was unaware of his felon status—and given his criminal history, which includes several multi-year sentences relating to state convictions—Jones has not carried his burden of showing that he is eligible for habeas relief. *See, e.g., United States v. Watts*, Crim. No. PJM-06-0036, 2022 WL 1322658, at *3 (D. Md. May 3, 2022) ("Given [petitioner's] criminal history—which includes two felony convictions for possession with intent to distribute—he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element.").[1]

Second, Jones argues that his counsel and the Government did not inform him that he "had to be charged as a recidivist and sentenced to 10 yrs. or more maximum term of imprisonment by the State court for his prior convictions to qualify as 'felony' under federal law." (ECF No. 48 at 12–13.) Jones cites to *Rehaif* for this proposition. However, with respect to the § 922(g) charge,

---

[1] Further, *Rehaif* was decided after Jones pled guilty, but before he was sentenced, and he did not raise his *Rehaif* argument on direct appeal, instead pursuing this collateral attack pursuant to 28 U.S.C. § 2255. The failure to raise the claim on direct appeal constitutes a procedural default barring its presentation in a § 2255 petition, unless the petitioner can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Jones has not shown either.

there is no requirement that Jones have been sentenced to 10 or more years in order for a prior conviction to qualify as a felony. Rather, § 922(g) provides that it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." And the record reflects that Jones was convicted of several such offenses and indeed served more than one year in prison on multiple occasions. (*See* ECF No. 26 (noting that Jones was convicted of the following offenses: assault (10-year sentence); possession with intent to distribute controlled dangerous substance (10-year sentence); possession with intent to distribute controlled dangerous substance (10-year sentence); conspiracy to commit second degree assault (1 year and 3-month sentence); criminal gang activity (8-year sentence)).)

Finally, Jones argues that his 133-month sentence was in excess of a 10-year maximum sentence and that "[t]he grand jury indictment did not charge the specific threshold quantity of 500 grams of cocaine and 100 kilograms of marijuana necessary to trigger the § 841(b)(1)(B)(ii) and (vii) enhanced statutory maximum penalty of 10 [years] imprisonment under 18 U.S.C. § 922(g) for felon in possession of a firearm charged in count two." (ECF No. 48 at 10–11.) Jones's 133-month was not in excess of any 10-year maximum sentence. The maximum term of imprisonment with respect to Count 2 (the § 922(g) charge) is 10 years. 18 U.S.C. § 924(a)(2). However, the 133-month sentence was imposed with respect to Count 1 (the § 841(a) charge), for which the statutory maximum is 20 years. *See* 21 U.S.C. § 841(b)(1)(C); (ECF No. 23 (Plea Agreement specifying a statutory maximum of 20 years for Count 1).).[2] Therefore, this argument fails.

---

[2] To the extent that Jones argues that there was some deficiency with respect to any threshold quantity charged in the indictment, this argument also fails, as he was sentenced within the twenty-year statutory maximum contained

3

A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (citing *Slack*, 529 U.S. at 484). Jones has failed to show the denial of a constitutional right and has not demonstrated that reasonable jurists would differ in this Court's assessment of his constitutional claims. Accordingly, the Court will decline to grant Jones a certificate of appealability.

### III. Conclusion

For the foregoing reasons, Jones's Motion to Vacate (ECF No. 39) is DENIED and the Court DECLINES TO GRANT a certificate of appealability.

DATED this 2 day of November, 2022.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

in § 841(b)(1)(C) (and not pursuant to § 841(b)(1)(B)). *See United States v. Freshour*, 235 F. App'x 193, 194 (4th Cir. 2007) ("In order to sentence a defendant pursuant to 21 U.S.C.A. § 841(b)(1)(A) or (B) . . . the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt. . . . Otherwise, the defendant must be sentenced within the twenty-year statutory maximum contained in § 841(b)(1)(C)." (citations omitted)).

4